UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 26 CR 291 |
| AMIR A. FAGAN, DEMOND EDWARDS, and CHASHONN TONEY | Hon. Keri L. Holleb Hotaling |

**GOVERNMENT'S OBJECTION TO UNSEALING
EXHIBIT 2 TO GOVERNMENT'S MOTION TO DISMISS**

Pursuant to the Court's June 18, 2026, order, Dkt. 20, the government respectfully objects in part to the unsealing of the exhibits to the government's Motion to Dismiss the Complaint Without Prejudice ("Motion to Dismiss"). Dkt. 14. Specifically, the government objects to the unsealing of Exhibit 2,[1] which depicts an officer-involved shooting that the government has been informed is currently the subject of multiple investigations that are independent of this litigation. In support of this objection, the government states as follows:

1. On June 11, 2026, the Court signed a criminal complaint charging defendants Amir Fagan and Demond Edwards with attempted robbery of a person having lawful charge, control, and custody, of any money or other property of the United States, and, in effecting such attempted robbery, put that person's life in jeopardy by use of a dangerous weapon, namely, a firearm, in violation of 18 U.S.C. §§ 2114(a) and 2; and defendant Chashonn Toney with forcibly assaulting, resisting,

---

[1] The exhibits to the government's motion to dismiss were filed under seal at Dkts. 15, 16, and 18. The sealed docket entries are not accessible to the government. According to the Clerk's Office, Dkt. 15 contains Exhibit 1 to the Motion to Dismiss; Dkt. 18 contains Exhibits 2 and 3; and Dkt. 16 contains Exhibit 4.

1

opposing, impeding, intimidating, and interfering with a person designated in 18 U.S.C. § 1114, namely an officer and employee of the United States, while he was engaged in the performance of his official duties, in violation of 18 U.S.C. § 111(a).

2. On June 17, 2026, the government moved to dismiss the complaint and filed four under seal exhibits to its motion. Dkts. 14, 15, 16, 18.

3. At a telephonic hearing on June 17, 2026, the Court ordered the government to produce the sealed exhibits to counsel for defendants on an attorneys'-eyes-only basis.

4. On June 18, 2026, the Court orally granted the Motion to Dismiss without prejudice.

5. On June 18, 2026, the Court entered a minute order stating that it intended to unseal the exhibits to the Motion to Dismiss and ordered the parties to file any objection by 4:30 p.m.

6. The government has no objection to the unsealing of Dkt. 15 (Exhibit 1) or Dkt. 16 (Exhibit 4).

7. The government objects in part to the unsealing of Dkt. 18, which contains both Exhibit 2 and 3. The government objects only to the unsealing of Exhibit 2.

8. As described in the Motion to Dismiss, Exhibit 2 is a video depicting the shooting of defendant Edwards. Dkt. 14 at ¶ 7.

9. The officer-involved shooting remains under investigation, independent of this litigation. As described at the June 18, 2026, hearing on the Motion to Dismiss,

the government represented that that the shooting depicted in Exhibit 2 is the subject of active, ongoing investigations, including an investigation by the Chicago Civilian Office of Police Accountability ("COPA").

10.     The Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") provides the following grounds for objection:

    a. It is the request of the Bureau of Alcohol, Tobacco, Firearms and Explosives that the video depicting the officer-involved shooting on June 9, 2026, which was provided to the Court as Exhibit #2 in the Government's motion to dismiss should not be released for public viewing. Releasing this video to the public would jeopardize the independent investigation of the officer-involved shooting currently ongoing by the Illinois State Police in conjunction with the Cook County State's Attorney's Office. In addition, there is also an independent investigation into the officer-involved shooting being conducted by the Civilian Office of Police Accountability. By releasing the video prematurely, it may jeopardize the integrity of both the State and Federal investigations. It is necessary that these State agencies are afforded the opportunity to interview witnesses with an independent recollection of the events surrounding the officer-involved shooting. Once the independent investigations are completed by those State agencies, it is the understanding of the Bureau of Alcohol, Tobacco, Firearms and Explosives that either the

Illinois State Police and/or the Civilian Office of Police Accountability will release this video for public dissemination.

11.     The government agrees with the rationale described in the ATF's objection.

WHEREFORE, the United States respectfully requests that the Court maintain Exhibit 2 to the Motion to Dismiss under seal.

Respectfully submitted,

ANDREW S. BOUTROUS
United States Attorney

By:     /s/ *Luke Fiedler*
        LUKE FIEDLER
        Assistant United States Attorney
        United States Attorney's Office
        219 South Dearborn Street
        Chicago, Illinois
        (312) 353-5300

4