**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 26-cr-291 |
| | ) | |
| v. | ) | Magistrate Judge Keri L. Holleb Hotaling |
| | ) | |
| AMIR A. FAGAN, DEMOND EDWARDS, | ) | |
| and CHASHONN TONEY | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Former Defendants Amir A. Fagan, Demond Edwards, and Chashonn Toney were charged in connection with an attempted armed robbery. Fagan and Edwards were charged with attempted robbery with a dangerous weapon in violation of 18 U.S.C. §§ 2144(a) and 2. (Dkt. 1). Toney was charged with forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with an officer using a deadly and dangerous weapon in violation of 18 U.S.C. § 111(a). (*Id.*) According to the Complaint, a law enforcement officer shot Edwards during a physical altercation after fleeing from the scene. (*Id.*) The Government subsequently obtained video footage of a shooting (which the Government continues to represent is the Edwards shooting – *see* Dkt. 14 at ¶¶ 7-8; Dkt. 23 at ¶ 8) that is inconsistent with the description of the shooting in the Complaint. Given this identified inconsistency and other "potential inconsistencies," the Government moved to dismiss the Complaint without prejudice. (Dkt. 14). The Government also provided four exhibits, including two video exhibits, to the Court under seal. (Dkts. 15, 16, 18). Following the June 18, 2026 hearing on the Government's motion to dismiss, the Court informed the parties that it intended to unseal all the exhibits, including those containing the video footage, with any objection to be filed by

1

4:30 CST that day. (Dkt. 20). The Government objects to unsealing Exhibit 2 (Exhibit 2 is filed at Dkt. 18, Exhibit 2). (Dkt. 23).

Federal courts recognize a general common law right of public access to court records and proceedings. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Additionally, "the First Amendment provides a presumption that there is a right of access to proceedings and documents which have historically been open to the public and where the disclosure of which would serve a significant role in the functioning of the process in question." *In re Associated Press*, 162 F.3d 503, 506 (7th Cir. 1998); *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980). "Public scrutiny over the court system serves to (1) promote community respect for the rule of law, (2) provide a check on the activities of judges and litigants, and (3) foster more accurate fact finding." *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994) (citing *Richmond Newspapers, Inc.*, 448 U.S. at 555). Indeed, the Seventh Circuit recently emphasized that the longstanding public right of access to all court proceedings and documents underlies the adjudicative criminal process until its termination. *See Associated Press v. Neal*, 2026 WL 1616000, at *2 (7th Cir. June 5, 2026). The presumption of public access is particularly strong for materials, such as the exhibits at issue here, that influence judicial decision-making. *See In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010); *City of Greenville v. Syngenta Crop Protection, LLC*, 764 F.3d 695, 697 (7th Cir. 2014).

Of course, "[n]either the common-law nor the constitutional right is absolute." *Grove Fresh Distributors, Inc.*, 24 F.3d at 897. The right of access may yield to higher interests, including the defendant's fair-trial rights, grand-jury secrecy, privacy interests, or the integrity of an ongoing criminal investigation. *See Waller v. Georgia*, 467 U.S. 39, 45 (1984); *Matter of EyeCare Physicians of Am.*, 100 F.3d 514, 518-19 (7th Cir. 1996). Accordingly, the Government may

overcome the First Amendment's presumption of access only upon demonstration that suppression is "essential to preserve higher values and is narrowly tailored to serve that interest." *Grove Fresh Distributors, Inc.*, 24 F.3d at 897; *see also Press-Enter. Co. v. Superior Ct. of California, Riverside Cnty.,* 464 U.S. 501, 510 (1984). In short, motions to seal parts of the record should be granted "only if there is good cause" for doing so. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). The Court must be "firmly convinced that disclosure is inappropriate before arriving at a decision limiting access," and "[a]ny doubts must be resolved in favor of disclosure." *Grove Fresh Distributors, Inc.*, 24 F.3d at 897 (citing *In re Continental Illinois Securities Litigation,* 732 F.2d 1302, 1313 (7th Cir. 1984)). "To seal a document, the government must show that there is a compelling government interest in sealing, and the court must then narrowly tailor its remedy to that interest." *United States v. Suppressed*, 2024 WL 3251379, at *7 (N.D. Ill. July 1, 2024) (citing *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 64 (4th Cir. 1989)). The Government must articulate its interest "along with findings specific enough that a reviewing court can determine whether the closure order was properly entered." *Press-Enter. Co.*, 464 U.S. at 510; *see also Nor v. Alrashid*, 2023 WL 2771167, at *2 (N.D. Ill. Apr. 4, 2023) (assessing the common law's right of access in the civil context and holding that the party seeking to seal items has the burden of showing cause and must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations'") (citing *Baxter Int'l Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)).

"What happens in the halls of government is presumptively public business. Judges deliberate in private but issue public decisions after public arguments based on public records." *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). "Information that affects the disposition of litigation belongs in the public record unless a statute or privilege justifies

nondisclosure." *United States v. Foster*, 564 F.3d 852, 853 (7th Cir. 2009); *In re Specht,* 622 F.3d 697, 701 (7th Cir. 2010). There is, for example, no general First Amendment right to access a presentence report. *See United States v. Corbitt*, 879 F.2d 224, 237 (7th Cir. 1989). Because criminal defendants have a strong interest in maintaining the confidentiality of a presentence report, publication of a presentence report would discourage full disclosure to the sentencing judge, and disclosure may compromise ongoing criminal investigations. *Id.* at 230-37. The Seventh Circuit has similarly heeded the Government's interest in privacy with regard to ongoing investigations. *Compare Matter of EyeCare Physicians of Am.*, 100 F.3d at 518-19 (sealing affidavits after holding that their disclosure "might very likely impair the ongoing criminal investigation"). Here, the Court has dismissed the Complaint (Dkt. 21) on the Government's motion (Dkt. 14), so the risk that unsealing the video exhibits that supported that dismissal is negligible. Tellingly, the Government's objection (Dkt. 23) does not say *how* releasing the videos would actually jeopardize the ongoing investigations, other than raising its concern that witnesses to the events should have an independent recollection of the events. (*Id*. at ¶ 10(a)). Nor have they cited any case law on this point.

In comparison, the public's interest in transparency weighs heavily against sealing the videos. "Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat, which requires compelling justification." *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). The Government has not met that burden here, particularly when the facts allegedly supporting the probable cause for the Complaint are inconsistent with the video evidence the Court is unsealing here. The records present potentially conflicting narratives from that of law enforcement, and the public interest in unsealing those documents is particularly poignant. *See Saunders v. City of Chicago*, 2017 WL 3082036, at *5

(N.D. Ill. July 19, 2017) (Dow, J.) (collecting cases); *Hutchins v. Clarke*, 661 F.3d 947, 955 (7th Cir. 2011). The Government's argument in support of delayed release is equally unavailing. "[O]nce access is found to be appropriate, access ought to be 'immediate and contemporaneous.'" *In re Associated Press*, 162 F.3d 503, 506 (7th Cir. 1998).

The Fourth Circuit recently made a similar determination after a criminal defendant, herself a police officer involved in a shooting, opposed the unsealing of a videotape of the altercation. *Gray Media Grp., Inc. v. Loveridge*, 155 F.4th 330, 340 (4th Cir. 2025). Finding that *voir dire* would adequately resolve the defendant's concerns over potential juror bias, the Fourth Circuit held that the lower court's sealing order violated the First Amendment and remanded with instructions to unseal, noting that "[p]rinciples of public access, transparency, and the integrity of the judiciary are at stake." *Id.* at 341.

Based upon these considerations, the Court believes unsealing these exhibits to the Government's motion to dismiss the Complaint is appropriate, and orders their immediate unsealing. Therefore, the sealed exhibits filed at Dkts. 15, 16, 18 are hereby UNSEALED. Once unsealed, digital exhibits can be ordered through the Clerk's Office. Electronic copies of each video can be ordered through the Clerk's Office Certified Copy Desk (CCD) by emailing: CCD_ILND@ilnd.uscourts.gov. An invoice will be emailed to the customer, and the customer will be charged in accordance with the Fee Schedule set forth by the Judicial Conference of the United States. Each digital exhibit is $33. Once payment has been processed, you will receive a URL via email to download the exhibit(s).

This order will become effective at 8:00 p.m. CT today, June 18, 2026.

**ENTERED: June 18, 2026**

_____
Hon. Keri L. Holleb Hotaling,
United States Magistrate Judge

5